U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 3 0 2004

ROBERT H. SHEMWELL, CLERK
BY
                    DEPUTY

**IN THE UNITED STATES DISTRICT COURT
WESTERN  DISTRICT OF LOUISIANA
Lake Charles Division**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| EADS AEROFRAME SERVICES,LLC | ) ) |
| Defendant. | ) ) |

CV04-2013 LC
CIVIL ACTION NO.

JUDGE MINAL

**COMPLAINT
JURY TRIAL DEMAND**

MAGISTRATE JUDGE WILSON

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended,  and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Michael A. Fontenot, and other similarly situated African American, Hispanic and White employees who were adversely affected by such practices. In addition,

The U.S. Equal Employment Opportunity Commission alleges that Michael A. Fontenot and other similarly situated African American and Hispanic and White employees were subjected  to a  racially offensive work environment; and that he and other similarly situated Black and Hispanic employees were retaliated against for complaining about the racial discrimination by EADS AEROFRAME SERVICES, LLC.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction

of the United States District Court for the Western District of Louisiana.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency

of the United States of America charged with the administration, interpretation and enforcement

of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title

VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, EADS AEROFRAME SERVICES, LLC., has

continuously been a foreign corporation doing business in the State of Louisiana and has

continuously had at least fifteen employees.

5.     At all relevant times, Defendant, EADS AEROFRAME SERVICES, LLC., has

continuously been an employer engaged in an industry affecting commerce within the meaning of

Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Michael A. Fontenot  filed

charges of discrimination with the Commission alleging violations of Title VI I of the Civil

Rights Act of 1964, as amended.  All conditions precedent to the institution of this lawsuit have

been fulfilled.

7.     Since at least on or about the beginning of August of 2002, Defendant has engaged in

unlawful employment practices in violation of section 703(a)(1)and (2) of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a)(1) and (2), and Section 704(a) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a).  The unlawful practices consisted of subjecting Michael A. Fontenot, and other similarly situated African American and Hispanic employees to a racially hostile environment by permitting employees to be referred to in derogatory terms such as "Niggers" and "Wetbacks", and other extreme racist comments.  In addition, a White employee was threatened and harassed as a result of his association with African American and Hispanic employees.  Further, Michael Fontenot and other African American and Hispanic employees complained about the racial harassment. After making a formal complaint about the racial harassment, Michael Fontenot and one of the Hispanic employees were both transferred to the night shift by the Defendant.  Defendant was made aware of the continuing racial harassment, but took no action to address the harassing behavior.

8.      The unlawful employment practices complained of in paragraph 7 above were intentional.

9.      The unlawful employment practices complained of in paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Michael A Fontenot and other similarly situated Black and Hispanic employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation.

B.      Order Defendant, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant, its officers, successors, assigns, to make Michael A. Fontenot and other similarly situated African American, Hispanic and White employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

D.      Order Defendant, its officers, successors, assigns to pay Michael A. Fontenot and other similarly situated African American, Hispanic and White employees punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**ERIC S. DREIBAND**
General Counsel
**JAMES L. LEE**
Deputy General Counsel
**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**KEITH T. HILL**
Regional Attorney

_____
**MICHELLE T. BUTLER**
Supervisory Trial Attorney
La. Bar Roll Number 1286


_____
**LILLIAN M. THORNTON**
Senior Trial Attorney
La. Bar Roll Number 25525
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**
701 Loyola Ave., Suite 600
New Orleans, Louisiana 70113
Telephone: (504) 589-2086 (Thornton)
            (504) 589-3844 (Main)
Facsimile: (504) 589-2085


Agent for Service

CT Corporation Systems
8550 United Plaza
Baton Rouge, LA  70809



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New Orleans District Office**

701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-6861
*Website:www.eeoc.gov*

September 29, 2004

**RECEIVED**

CLERK OF COURT
United States District Court
Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, La. 70501

**SEP 3 0 2004**

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

RE: EEOC vs. EADS AEROFRAME SERVICES, LLC

Dear Sir,

*04-2013*
*PM/APW*

Enclosed please find one original and four copies of our complaint in the above captioned matter. Would you please send our office a stamped copy in the enclosed self-addressed envelope. Thank you for your prompt attention to this matter.

Yours truly,

Lillian M. Thornton